NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 1 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS A. ESCOBAR,

Petitioner-Appellant,

v.

BRIAN E. WILLIAMS; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

Respondents-Appellees.

No.    18-16417

D.C. No.
2:10-cv-01973-KJD-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted June 7, 2019
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[**] District
Judge.

In a 28 U.S.C. § 2254 habeas corpus petition, Carlos A. Escobar argued that

he was deprived of his Fifth and Sixth Amendment rights because the jury at his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

Nevada criminal trial was misinformed as to the meaning of "reasonable doubt." We review the district court's denial of the petition de novo. *See Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). We affirm.

Escobar concedes that we have found the reasonable-doubt jury instruction given in his case constitutional. *See Ramirez v. Hatcher*, 136 F.3d 1209, 1213–14 (9th Cir. 1998). But he argues that the instruction was susceptible to erroneous interpretation, and the prosecutor exacerbated the potential problem by arguing in closing that reasonable doubt is equivalent to the type of doubt that people experience when deciding to get married or buy a house. Specifically, Escobar argues that the prosecutor invited the jury to misinterpret this portion of the reasonable-doubt instruction: "[Reasonable doubt] is such a doubt as would govern or control a person in the more weighty affairs of life."

The Nevada Supreme Court has previously held a similar argument by a prosecutor to be unconstitutional. *See Holmes v. State*, 972 P.2d 337, 343 (Nev. 1998) ("[P]rosecutorial commentary analogizing reasonable doubt with major life decisions such as buying a house or changing jobs is improper because these decisions involve elements of uncertainty and risk-taking and are wholly unlike the kinds of decisions that jurors must make in criminal trials."). But in Escobar's case, the Nevada Supreme Court found that the prosecutor's error was "cured" because the trial court properly instructed the jury on reasonable doubt. Under the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may disturb the Nevada Supreme Court's decision only if it was "contrary to, or involved an unreasonable application of, clearly established Federal law[.]" 28 U.S.C. § 2254(d)(1). Though we are concerned by the prosecutor's statements in this case and their potential effect on the jury, we must affirm under AEDPA's deferential standard.

But, as this Court noted years ago, the "weighty affairs" language in Nevada's reasonable-doubt instruction is easily susceptible to erroneous interpretation. *See Ramirez*, 136 F.3d at 1213–14 (holding that Nevada's reasonable-doubt instruction was constitutional, but declining to "endorse the Nevada instruction's 'govern or control' language," and noting that the "Supreme Court and various circuits have expressed disapproval of" similar language). And the prosecutor's arguments in Escobar's case—the last thing the jury heard before beginning deliberations—exacerbated this very concern.

However, we cannot say that the Nevada Supreme Court was "objectively unreasonable" in finding no reversible error under the circumstances of this case. *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). The trial court gave a constitutionally adequate reasonable-doubt instruction, and a "jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Moreover, the prosecutor's arguments were rambling and not especially persuasive.

Because fair-minded jurists could disagree whether Escobar's constitutional rights were violated, we must defer to the Nevada Supreme Court's decision. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).[1]

**AFFIRMED**.

---

[1] Escobar's argument that the state court's decision was contrary to *Sullivan v. Louisiana*, 508 U.S. 275 (1993), is misplaced. That case involved an improper reasonable-doubt jury instruction, whereas Escobar's jury was properly instructed.